1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMMY R. QUAIR, SR.,

11              Plaintiff,                    No. CIV S-11-2293 CKD P

12        vs.

13   GERTZ, Sheriff,

14              Defendant.                    ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42

17   U.S.C. § 1983.  He alleges that defendant failed to protect him from harm in violation of the

18   Eighth Amendment.  (Dkt. No. 1.)

19            On September 23, 2011, plaintiff filed a "motion to stop all court proceedings,"

20   asking the court to "[p]lease put a stop to all of my court proceedings" because "my incoming

21   legal mail is coming into me [opened], read and then sent to me."  (Dkt. No. 10 at 1.)

22            On September 27, 2011, plaintiff filed a "motion to stay," asking the court to

23   "please stop all court proceedings" in this case (and in a related case, not before the

24   undersigned[1]) "until the U.S. Marshalls [sic] put a stop to this police retaliation and conspiracy."

25   _____

26        [1] Quair v. Honea et al., CIV S-11-2294 KJN (filed Aug. 29, 2011).

1

1    On September 30, 2011, plaintiff filed an untitled motion claiming that he is

2  experiencing retaliation as a result of his two pending lawsuits against four Butte County jail

3  officers, fears for his "life and freedom," and believes his legal mail is being tampered with.  He

4  asks the court to "order the United States Marshalls [sic] to come and get me out of here and into

5  a safe environment.  My life is in 'immediate danger.'" (Dkt. No. 18.)

6    Plaintiff is advised that there is no mechanism for "staying" a section 1983 action,

7  as compared to the "stay and abeyance option" available in habeas corpus actions.  See Kilgore v.

8  Mandeville, 2011 WL 4048406 at *2  (E.D. Cal. 2011) (same), citing Rhines v. Weber, 544 U.S.

9  269 (2005).  This being so, it is not clear what type of relief the court can offer to "stop court

10  proceedings."  The court has not yet screened the complaint pursuant to 28 U.S.C. § 1915A(a),

11  determined whether plaintiff states a cognizable claim, or ordered service on defendant.  If

12  plaintiff would like to voluntarily dismiss his claims pursuant to Fed. R. Civ. P. 41(a), he may

13  file papers so indicating.  If not, the court will proceed to screen the complaint and order service

14  on defendant if appropriate.

15    Here, it appears that plaintiff seeks relief from alleged problems surrounding his

16  participation in this action (i.e., mail tampering, retaliation) rather than outright dismissal of the

17  action.  He also seeks preliminary injunctive relief in the form of a transfer to a different

18  institution.  The purpose of a preliminary injunction is to preserve the status quo if the balance of

19  equities so heavily favors the moving party that justice requires the court to intervene to secure

20  the positions until the merits of the action are ultimately determined.  University of Texas v.

21  Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

22  "demonstrates either (1) a combination of probable success and the possibility of irreparable

23  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."

24  Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  Under either

25  approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an

26  injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a

1  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or

2  questions serious enough to require litigation." Id.

3          Plaintiff has not shown a chance of success on the merits because he seeks an

4  injunction concerning matters outside the scope of his complaint, which concerns defendant

5  Gertz's alleged failure to protect plaintiff from "a violent criminal/undercover gang member."

6  To the extent that plaintiff is denied the resources necessary to have reasonable access to the

7  courts, or is otherwise being harassed or retaliated against by jail officials, plaintiff must raise

8  those claims in a separate lawsuit.  He may not seek relief through a preliminary injunction in

9  this action.

10          Plaintiff does allege in the complaint that persons not named as defendants in this

11  action refused to give plaintiff administrative grievance documents to support his federal civil

12  rights claims.  (Dkt. No. 1 at 5.)  However, this court is unable to issue an order against

13  individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine

14  Research, Inc., 395 U.S. 100, 112 (1969). .

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.  Plaintiff's September 23, 2011 motion to stop all court proceedings (Dkt. No.

17  10) is denied; however, plaintiff may file a motion to voluntarily dismiss this action at any time.

18          2.  Plaintiff's September 27, 2011 motion to stay (Dkt. No. 14) is denied as

19  inapposite; and

20          3. Plaintiff's motion for ordering the U.S. Marshal to transport prisoner to a safe

21  environment (Dkt. No. 18) is denied.

22   Dated: October 5, 2011

23  _____

24  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

25

26
    2
    quai2293.ord