1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMMY R. QUAIR, SR.,

11              Plaintiff,                    No. 2:11-cv-2293 JAM CKD P

12        vs.

13   GERTZ,

14              Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel with a civil rights action

17   pursuant to 42 U.S.C. § 1983.   On September 12, 2012, defendants filed a motion for summary

18   judgment.  (Dkt. No. 44.)   On September 18, 2012, the court advised plaintiff of the

19   requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.

20   See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) Rand v. Rowland, 154 F.3d 952, 957 (9th Cir.

21   1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

22              On October 30, 2012, plaintiff was ordered to file an opposition or a statement of

23   non-opposition to the pending motion within thirty days.  In that same order, plaintiff was

24   advised that failure to oppose such a motion would result in a recommendation that this action be

25   dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Dkt. No. 47.)  On

26   December 6, 2012, plaintiff was granted a forty-five day extension of time to file and serve his

1   opposition.  (Dkt. No. 49.)  The forty-five day period has now expired and plaintiff has not filed

2   an opposition or otherwise responded to the court's order.

3          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

4   an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

5   1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

6   court order the district court must weigh five factors including:  '(1) the public's interest in

7   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

8   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

9   and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

10  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

11  F.3d 52, 53 (9th Cir. 1995).

12         In determining to recommend that this action be dismissed, the court has

13  considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

14  support dismissal of this action.  The action has been pending since August 2011 and has reached

15  the stage, set by the court's February 17, 2012 scheduling order, for resolution of dispositive

16  motions and, if necessary, preparation for pretrial conference and jury trial.  (See Dkt. No. 32.)

17  Plaintiff's failure to comply with the Local Rules and the court's December 6, 2012 order

18  suggests that he has abandoned this action and that further time spent by the court thereon will

19  consume scarce judicial resources in addressing litigation which plaintiff demonstrates no

20  intention to pursue.

21         Under the circumstances of this case, the third factor, prejudice to defendants

22  from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose

23  the motion prevents defendants from addressing plaintiff's substantive opposition, and would

24  delay resolution of this action, thereby causing defendants to incur additional time and expense.

25         The fifth factor also favors dismissal.  The court has advised plaintiff of the

26  requirements under the Local Rules and granted ample additional time to oppose the pending

1   motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

2          The fourth factor, public policy favoring disposition of cases on their merits,

3   weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra,

4   the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of

5   this case, those factors outweigh the general public policy favoring disposition of cases on their

6   merits.  See Ferdik, 963 F.2d at 1263.

7          For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be

8   dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14  shall be served and filed within fourteen days after service of the objections.  The parties are

15  advised that failure to file objections within the specified time may waive the right to appeal the

16  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   Dated: February 1, 2013

18                                                    _____
                                                      CAROLYN K. DELANEY
19                                                    UNITED STATES MAGISTRATE JUDGE

20

21

22   2
23   quai2293.nooppo.msj.fr.kjn

24

25

26

3