IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMMY R. QUAIR, JR.,

        Plaintiff,                No.  2:11-cv-2293 JAM CKD P

    vs.

GERTZ,

        Defendant.           <u>ORDER</u>

           On February 1, 2013, the court issued findings and a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to comply with an order directing him to file an opposition or statement of non-opposition to defendant's September 12, 2012 motion for summary judgment.  Plaintiff was granted fourteen days to file objections to the findings and recommendations.  (Dkt. No. 52.)

           Plaintiff did not timely file objections.  However, on February 25, 2013, plaintiff filed objections stating that he had been recently hospitalized.  In opposition to summary judgment, he submitted five inmate request forms from July 2010 that are relevant to this action; indeed, defendant filed these forms along with his motion for summary judgment.  (<u>See</u> Dkt. Nos. 44-4, 44-9, 44-10, 44-11, 44-12.)  Plaintiff asserts that "with these new request slips, there's no possible way at all that I will not win my case at trial." (Dkt. No. 52 at 2.)  The court

1

construes plaintiff's February 25, 2013 filing as his opposition to summary judgment and will vacate its February 1, 2013 recommendation of dismissal.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 1, 2013 (Dkt. No. 52) are hereby vacated; and

2. Plaintiff's February 25, 2013 motion to appoint counsel (Dkt. No. 53) is denied.

Dated: March 1, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
quai2293.vac