IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMMY R. QUAIR, SR.,

        Plaintiff,                       No. 2:11-cv-2293 JAM CKD P

    vs.

GERTZ,

        Defendant.                ORDER

_____/

        On March 8, 2013, this court issued findings and recommendations that defendant's motion for summary judgment be granted and this case closed. (ECF No. 55.) On April 9, 2013, plaintiff was granted a fourteen-day extension of time to file objections to the findings and recommendations. (ECF No. 57.) Plaintiff did not file objections within that period.

        On April 29, 2013, plaintiff filed a motion seeking various relief, including an extension of time to file an opposition to summary judgment. (ECF No. 59 at 2.) The time for any such filing has passed. Plaintiff was given ample time to oppose summary judgment, and eventually filed documents and evidence which the court, in the absence of any other briefing by plaintiff, construed as plaintiff's opposition. (See ECF Nos. 54, 55.) However, plaintiff will be granted a final, fourteen-day extension of time to file objections to the March 8, 2013 findings

1

and recommendations.

Plaintiff also requests that this court order the Clerk of Court to make copies of his motion and exhibits to submit to the magistrate judge in another pending action in this district.  This is not an efficient use of judicial resources.  However, plaintiff may ask the magistrate judge in the other action to take judicial notice of documents filed in this action.

Plaintiff further asserts that the Kings County Jail has an inadequate law library and that he is unable to get photocopies or printouts of any legal material.  He seeks a court order directing the jail to provide inmates with photocopying and printing of legal material, access to the law library three times a week, law books to read in their cells, non-collect phone calls for legal matters, a local telephone book, and office supplies.

In <u>Bounds v. Smith</u>, 430 US 817, 828 (1977), the court held that "the fundamental constitutional right of access to the courts requires . . . providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  A court may order increased access to the library only if a prisoner's current access is so deficient as to deprive him his fundamental right of access to the courts.  <u>Lindquist v. Idaho State Board of Corrections</u>, 776 F.2d 851, 858 (9th Cir. 1985).  Here, plaintiff has not alleged a deprivation of his fundamental right of access to the courts, nor explained why the alleged conditions prevent him from drafting objections to the findings and recommendations.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff is granted fourteen days after service of this order to file objections to the March 8, 2013 findings and recommendations.  No further extensions will be granted; and

2. Plaintiff's motion for various relief (ECF No. 59) is otherwise denied.

Dated: May 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / quai2293.ord2