1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAMMY R. QUAIR, SR.,                    Nos.  2:11-cv-2293 JAM CKD P  /

12              Plaintiff,                          2:11-cv-2294 KJN KJM P

13        v.                                  ORDER

14   GERTZ, et al.,

15              Defendants.

16

17

18        Plaintiff, a state prisoner proceeding pro se, has filed two civil rights actions pursuant to

19   42 U.S.C. § 1983.  The first action, Quair v. Gertz, No. 2:11-cv-2293 JAM CKD P (E.D. Cal.)

20   ("Quair I"), was commenced on August 29, 2011, alleging that defendant Gertz, a correctional

21   officer at the Butte County Jail, violated the Eighth Amendment by failing to protect plaintiff

22   from harm.  The case proceeded through summary judgment, and on June 18, 2013, defendant's

23   motion for summary judgment was granted.

24        The second action, Quair v. Honea, et al., No. 2:11-cv-2294 KJM KJN P (E.D. Cal.)

25   ("Quair II"), was also commenced on August 29, 2011.  Here, plaintiff alleged that three officials

26   at the Butte County Jail conspired to violate, and did violate, plaintiff's constitutional rights to

27   access the courts and be free from retaliatory conduct.  Specifically, plaintiff alleged that

28

1

1  defendants conspired to deny him access to the courts by refusing to provide him copies of the

2  grievances he submitted concerning Gertz's alleged failure to protect him.  Plaintiff alleged that

3  defendants withheld this evidence of exhaustion of administrative remedies in order to thwart his

4  lawsuit against Gertz, and that they did so in retaliation for protected activities.  The case

5  proceeded through summary judgment and, on September 13, 2013, defendants' motion for

6  summary judgment was granted.

7         Plaintiff appealed the judgments in both cases, and the United States Court of Appeals for

8  the Ninth Circuit issued a single order resolving both appeals.  Quair v. Gertz, No. 13-16483 and

9  Quair v. Honea, et al., No. 13-17233, slip. op. (9th Cir. Oct. 28, 2014).

10         In Quair I, the Ninth Circuit

11         • Affirmed summary judgment for Gertz; but

12         • Vacated in part and remanded to allow plaintiff to file a first amended complaint.

13         In Quair II, the Ninth Circuit

14         • Affirmed summary judgment as to the conspiracy claim;

15         • Affirmed the district court's denial of plaintiff's motion for counsel; but

16         • Noted that, "[f]or the first time on appeal, Quair contends that he needed copies of

17              the grievances and inmate request slips to litigate his action against Gertz,

18              including investigating other potential defendants and claims";

19         • Vacated in part and remanded "for consideration of Quair's newly-raised argument

20              [on appeal] as it relates to his access to courts and retaliation claims."

21         In both cases, the Ninth Circuit rejected plaintiff's contentions concerning his requests for

22  pro per privileges at the jail's law library, and his arguments regarding Rand notice.  It also

23  "strongly suggest[ed] that the district court consider consolidating these actions on remand."

24         Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a

25  common question of law or fact, and consolidation is proper when it serves the purposes of

26  judicial economy and convenience.  "The district court has broad discretion under this rule to

27  consolidate cases pending in the same district."  Investors Research Co. v. United States District

28  Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989).  In determining whether

1   to consolidate actions, the Court weighs the interest of judicial convenience against the potential

2   for delay, confusion, and prejudice caused by consolidation.  Southwest Marine, Inc., v. Triple A.

3   Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).  Here, the two actions involve

4   common questions of law and fact, and in light of the above factors, consolidation is warranted.

5          Accordingly, IT IS HEREBY ORDERED that:

6          1.  The actions Quair v. Gertz, No. 2:11-cv-2293 JAM CKD P and Quair v. Honea, et al.,

7   No. 2:11-cv-2294 KJM KJN P are consolidated;

8          2.  The Clerk of Court shall file a copy of this order in both cases in order to notify all

9   parties of the consolidation;

10          3.  Upon filing this order, the Clerk of Court shall administratively close Quair v. Honea, et

11   al., No. 2:11-cv-2294 KJM KJN P; and

12          4.  All future filings shall be in Quair v. Gertz, No. 2:11-cv-2293 JAM CKD P.

13

14   11/3/2014

15                                        JLA Mendy
                                          United States District Court
16

17

18   2 / quai2293.consol

19

20

21

22

23

24

25

26

27

28

3